In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Ulster, for the Purpose of Providing Additional Water for the City of New York, Appellants. ELLA GEISELHART, Respondent.— Appeal from an order of the Supreme Court, Special Term, Ulster County, denying the motion of the City of New York to confirm a report of the Commissioners of Appraisal in respect to the claim of respondent and rejecting the award, and directing a new trial before another commission. The claim was made under section K41–44.0 of the Administrative Code of the City of New York for decrease in the value of the claimant's property by reason of the diversion by the city of the waters of Rondout Creek which in turn caused a depletion of the waters of Honk Lake. The claimant operated a boarding house near the lake. Her land did not adjoin either the creek or the lake but was close to them and she had the right under her deed to water farm stock and cattle in the creek and to keep one rowboat

786

in it. Under a revocable license from the public utility company which owned the lake bed and the intervening lands, the claimant had erected wooden steps and a swimming crib in and along the shores of the lake. The guests of the claimant's boarding house had customarily used the lake for swimming, boating and fishing for many years. As Justice Schirick said, as a result of the diversion by the city: " The evidence shows that the lake had become a murky pond, with hundreds of feet of exposed muddy bottom now separating claimant's property from the water. Mosquitoes have multiplied. An odor of dead fish and decaying vegetation has come to claimant's property. The view has been despoiled." The city claimed that the damage to the claimant was nominal; the experts sworn by the claimant testified to a decrease in value of over $12,000; the commissioners awarded $1,000 which Justice Schirick set aside as wholly inadequate. While the courts are loathe to disturb awards made by condemnation commissioners, they may properly reject an award which shocks the judicial conscience, either by its excessiveness or its inadequacy. We cannot say upon this record that the Special Term's action transgressed beyond the limits of permissible judicial interference. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.